UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WATER PROFESSIONALS INTERNATIONAL, | ) | CASE NO. 1:26-CV-02199 |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| McGINNIS, *et al*., | ) | **INITIAL STANDING ORDER** |
| Defendants. | ) | |

## I. Rules Governing

This case is governed by both the Local Civil Rules of the United States District Court for the Northern District of Ohio (LR) and the Federal Rules of Civil Procedure (FRCP). All counsel and unrepresented parties shall familiarize themselves with these Local and Federal Rules.

If this case alleges infringement of a patent in a complaint, counterclaim, crossclaim, or third-party claim, or seeks a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, it shall also be governed by the Local Patent Rules for the United States District Court for the Northern District of Ohio.

## II. Electronic Filing

All attorneys are required to file electronically. Registration forms, training materials, and tutorials are available on the court's website (www.ohnd.uscourts.gov). Parties must consult

the Electronic Policies and Procedures Manual to verify that a particular document is suitable for electronic filing.

*Pro se* litigants who seek authorization for electronic filing are directed to LR 5.1.

**III. Removal and Citizenship of Parties**

The Court has an independent obligation to ensure its jurisdiction. In any case removed on the basis of diversity of citizenship in which the pleadings or the notice of removal does not identify the citizenship of each and every LLC, LLP, partnership, or similar entity that is a named party – as well as the citizenship of each and every member or partner of the entity – counsel for that party must file a declaration establishing those facts. For each such entity, the declaration should state: the citizenship of each member or partner; the entity's State of incorporation; and the State of its principal place of business. Similarly, if not contained in the pleadings or the notice of removal, counsel for each corporation that is a named party must file a declaration establishing the corporation's State of incorporation and State of its principal place of business. Such declaration(s) shall be filed no later than fourteen (14) days after the filing of the notice of removal.

Failure to provide this information within the stated deadline may result in sanctions against the entity party and its counsel or in remand for failure to establish that the Court has jurisdiction. On a party's motion showing good cause, the Court may extend this deadline.

**IV. Intervenors**

A non-governmental corporate party, or any non-governmental corporation that seeks to intervene, must promptly file a disclosure statement that: (A) sufficiently identifies any parent corporation and any publicly-held corporation owning 10% or more of its stock; or (B) states that there is no such corporation.

In the event the intervenor is a LLC, LLP, partnership, or similar entity, and the matter is before this Court on diversity jurisdiction, counsel for the intervenor must file a declaration establishing the citizenship of each and every member or partner of each relevant entity as well as the entity's State of incorporation and State of its principal place of business. This declaration shall be filed as an exhibit to or contemporaneous with the motion to intervene.

## V. Motions

### A. Substantive Motions Filed Before the Case Management Conference

Any motion of a substantive nature (e.g., motion to dismiss, motion for judgment on the pleadings, motion to confirm/vacate arbitration award, motion to remand) filed before the Case Management Conference must comply with the following directives:

1. Any memorandum in support may not exceed twenty (20) pages.
2. Responses may not exceed twenty (20) pages and must be filed within thirty (30) days of filing the motion.
3. Replies may not exceed ten (10) pages and must be filed within fourteen (14) days of the response.

If the Court grants a motion for a more definite statement, a responsive pleading must be filed within 14 days of notice of the Order. FRCP 12(a)(4). Failure to comply with this 14-day deadline for submitting a more definite statement could result in the Court striking the pleading or any other order the Court deems appropriate. FRCP 12(e). No sur-replies to these motions will be permitted absent advance leave of Court.

### B. All Motions: Page Limitations, Formatting, and Request for Relief

All documents filed in this action, whether electronically or by other means, shall comply with the directives set forth herein and in LR 7.1(f). All electronically-filed documents

(including exhibits, if possible) must be text searchable. No sur-replies will be permitted absent advance leave of Court.

All motions, briefs, and memoranda shall: (1) have (1) one-inch margins on all sides; (2) use double-spaced, 12-point, Times New Roman typeface; and (3) have citations in the body of the text rather than in footnotes. Any filing taking liberties with margins, typeface, font size, or citations may be stricken, deemed untimely, or addressed in such other manner as the Court deems appropriate.

With respect to footnotes, excessive use of footnotes or lengthy footnotes will not be permitted. Excessive or lengthy footnotes may result in the Court concluding that the filer is seeking to evade page limitations. In such an instance, the Court may order the filing of a conforming brief, strike the footnotes, strike the entire filing, or such other action as it deems appropriate.

Seeking relief from page limitations requires a separate filing sufficiently in advance of the motion, response, or reply deadline. The request must (1) provide good cause for the relief; (2) specify the additional number of pages being sought; and (3) state the position of all other parties. Simply filing such a motion for relief is not sufficient to alter the page limitations. The page limitations detailed in LR 7.1(f) stand unless and until the Court grants the motion for relief.

Motions for relief from page limitations filed contemporaneously with a memorandum in support that exceeds the page limits will be denied. In such an instance, the Court may strike the document in its entirety, deem the memorandum to have concluded on the last page permitted by the LR 7.1(f) or Court Order (whichever applies), or such other action as it deems appropriate.

**C. Motions to Continue or Extend Deadlines**

Motions to continue or extend deadlines must provide good cause for the request and be filed well in advance of the date(s) to be continued. Motions to continue or extend deadlines submitted on the day of the deadline may not be granted. Unless jointly filed, all motions to continue should state the position of all other parties, meaning if it is unopposed or opposed.

Motions to continue or extend deadlines for submissions, discovery, or dispositive motions submitted *after* the deadline has passed will be denied unless the requesting party can show excusable neglect.

If a party seeks to continue a conference or hearing, and the motion will be unopposed, the movant should provide three (3) alternative dates and times where counsel for all parties can be available. The Court will make every effort to reschedule the hearing or conference on one of the proposed dates.

**D. Motions to Dismiss**

The filing of a motion to dismiss will not excuse the filing of an answer, compliance with discovery, and other rules or standing orders. So as not to delay the overall resolution of the case, proceedings will go forward while the motion to dismiss is being briefed and/or is under advisement by the Court. Accordingly, defendants who timely a file motion to dismiss under FRCP 12(b) must still file an answer. In these circumstances, the deadline for a defendant to answer shall be: the same day as the deadline for plaintiff to file its opposition brief to the motion to dismiss, whether that date is set by Rule or Court Order.

The exceptions to this directive are: (1) when a motion to dismiss is based on a challenge to personal jurisdiction, or (2) the parties timely seek and are granted a stay of proceedings while the motion to dismiss is being briefed and/or is under advisement. In these situations, any such

timely filed motion to dismiss will be briefed and decided before additional proceedings occur, and, if the motion to dismiss is denied, the answer deadline will then be twenty (20) days after the Court issues an order denying all or part of the motion to dismiss.

### E. Motions for Summary Judgment

The Court typically permits only one summary judgment motion per party, although it reserves the right to make exceptions for good cause shown. To promote efficiency and prioritize efforts during the discovery period, no party may file a motion for summary judgment prior to the close of discovery without express leave of Court.

## VI. Discovery

### A. Applicable Rules

Discovery shall be guided by LR 26.1, as well as all applicable Federal Rules of Civil Procedure. Notably, the Court will tailor the discovery plan in each case to comply with the proportionality requirements of FRCP 26(b)(1).

The parties shall determine whether there will be discovery of electronically stored information (ESI). If the parties anticipate any e-discovery, they must decide on a method for conducting such discovery or agree to abide by the default standard set forth in Appendix K to the Local Civil Rules. If, by the time the parties file their Joint Report of Parties' Planning Meeting, they have not agreed to a method for ESI, the default standard will apply.

In cases where information was/is electronically stored, the Court will apply the provisions of FRCP 37(e) regarding preservation of such information.

**B. Protective Orders**

If any party seeks a protective order that deviates from Appendix L to the Local Civil Rules, the party must email a redlined Word version of the revisions they propose to Appendix L to Brennan_Chambers@ohnd.uscourts.gov. Joint proposals will be viewed more favorably.

**C. Discovery Disputes**

This Court strictly adheres to FRCP 37 and LR 37.1. Prior to filing a motion regarding a discovery dispute, the parties must meet and confer in good faith to resolve the dispute. Such a conference must be either in person, by video conference, or by telephone conference. Email communications will never be sufficient to demonstrate a good faith effort to confer and resolve such a dispute.

If the meet and confer does not resolve the dispute, the parties are directed to jointly notify the Court by phone at (216) 357-7200 or email to Brennan_Chambers@ohnd.uscourts.gov advising of an unresolved discovery matter. The Court will require a certificate of compliance with the Court's meet and confer requirement, including the means by which the parties conferenced. The Court will promptly schedule a conference call to address the matter. The Court will direct the parties to next steps, including an in-person conference with the Court, submission of position papers, or filing a motion.

A discovery motion filed in contravention of this Order will be denied and the parties will be directed to follow the steps laid out above.

**D. Deadlines**

Discovery requests must be served sufficiently in advance of the applicable discovery cut-off. For example, if the time to respond to a discovery request under the appropriate rule is thirty (30) days, the discovery request must be made at least thirty (30) days before the discovery

cut-off deadline. Similarly, any discovery dispute should be raised sufficiently in advance of the discovery cut-off to allow for completion of discovery by the deadline.

Any agreement by counsel to engage in discovery beyond a deadline set by the Court does not bind the Court. Meaning, the Court will neither supervise such discovery nor allow discovery disputes to be presented for any post-deadline discovery. Similarly, no dispositive motion deadline or trial schedule will be amended or vacated as a result of such agreement.

Any motion to extend or revise a discovery deadline should be filed sufficiently in advance of the deadline. Submitting a request to extend a deadline on the day of the deadline may not be granted. A motion is not an extension. Meaning, if the Court does not rule on the motion by the deadline, the deadline has not been extended.

**VII. Sealing**

Before filing a document with redactions, the party must seek leave to do so, explaining the basis for each redaction requested, certifying that the party has conferred with the producing party and the producing party's position (if the party did not produce the document), and simultaneously providing unredacted versions of the document at issue with the proposed redactions highlighted or otherwise marked to the Court for review. A motion for leave must be filed sufficiently in advance of the deadline, typically at least seven (7) days. Once the Court determines that making redactions is appropriate, parties will file a redacted version of the document at issue and serve the Court and counsel with an unredacted version.

Only in rare circumstances will the Court permit filing an entire document or exhibit under seal. The Court expects the parties to justify any request for redactions or sealing a document in its entirety under *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), and its progeny. In the Court's view, *Shane Group* does not authorize

filing under seal or redactions simply because a party produced a document or information marked confidential under a protective order. Instead, consistent with the law of this Circuit, the party requesting sealing or redaction must analyze, in detail, document by document, the propriety of sealing or redactions, providing reasons and legal citations in support. A protective order, without more, does not state a basis for submitting otherwise public records under seal or with redactions.

## VIII. Conferences and Hearings

### A. In-Person Attendance

Unless otherwise stated by the Court, conferences and hearings will be in person. In the event an in-person hearing or conference is not practicable, the party seeking a telephone or videoconference option must file such a request with the Court at least seven (7) business days before the hearing or conference, unless the situation necessitating the request renders this timeline impracticable. Joint motions to proceed by telephone or videoconference will be liberally granted where appropriate.

### B. Status Conferences

Three (3) business days before any scheduled status conference, the parties are to file a joint status report stating: (1) the status of discovery; (2) the status of settlement discussions; (3) whether discovery has progressed to the point where a mediator or other neutral would facilitate resolution; and (4) any ongoing or anticipated discovery issues or challenges. Unless otherwise stated by the Court, only lead counsel need attend a telephonic status conference.

### C. Who Must Attend

Lead counsel, client representatives with full settlement authority, and insurance representatives are required to attend hearings and conferences in person, except for: the Case

Management Conference; any telephonic status conference(s) included in the Court's Case Management Scheduling Order; or status conferences to advise the Court of a discovery dispute. Any party seeking to have the appearance of their lead counsel, client representative, or insurance representative excused must do so in writing and, unless the situation necessitating the request renders this timeline impracticable, at least seven (7) calendar days before the hearing. This will provide the Court with sufficient time to assess the need to be excused and, if appropriate, reschedule the hearing or conference.

## IX. Use of Generative AI

"Generative artificial intelligence" ("generative AI") is a type of artificial intelligence capable of creating new content (such as text, writings, images, videos, or audio) in response to a prompt (such as a query) to a large reference database. Common examples of such platforms are ChatGPT, Claude, DALL-E 3, and Gemini. While AI rapidly evolves, and generative AI continues to improve due to the volume of information users' queries put to these large reference databases, the accuracy of the end product is not entirely settled. Sometimes the end product includes "hallucinated" or false information, even false case law citations.

To the extent counsel or any *pro se* litigant uses generative AI, or any other AI, to compose or draft a paper presented to the Court for filing, they are hereby reminded of their obligations under Rule 11 and the applicable rules of attorney discipline to review and verify the accuracy of any such document. This includes reviewing and verifying the legitimacy and accuracy of every citation included in the filing. It also extends to any exhibits submitted in support of the filing. Counsel is also reminded of their duty to safeguard confidential client information. Queries to AI platforms that include confidential client information may violate applicable rules of professional conduct. *See, e.g.*, Rule 1.6 of the Ohio Rules of Professional Conduct. If a Protective

Order is entered in this case, the Court further cautions counsel and *pro se* litigants that queries to AI platforms disclosing protected information may violate the Protective Order.

**IT IS SO ORDERED.**

Date: September 10, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE